STATE OF VERMONT

ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| | } | |
| In re: Appeal of | } | |
| David Miner | } | Docket No. 148-8-99 Vtec |
| | } | |
| | } | |

### Order on Request to Reconsider March 30, 2000 Order

Appellant appealed from a decision of the Zoning Board of Adjustment (ZBA) of the Town of Charlotte. Appellant is represented by Thomas A. Little, Esq. and David W.M. Conard, Esq. The Town of Charlotte had entered an appearance in this matter but has since withdrawn. Mr. (James) Louis Cox failed to qualify for party status as an individual under 24 V.S.A. §4464(b)(3), and he and other petitioning individuals failed to qualify for party status under 24 V.S.A. §4464(b)(4), as the group did not include at least ten property owners within the town. The petitioners did not seek to intervene under V.R.C.P. 24.

The Court order granting Appellant's motion to dismiss the petitioners as parties was granted on March 30, 2000. On April 6, 2000, Mr. Cox wrote to the Court asking the Court to consider a petition to be filed by Sylvia Sprigg, and asking that the Court reconsider the March 30, 2000 order. He did not send copies of the letter to Appellant. Ms. Sprigg's letter with the signatures of six property owners was filed on April 10, 2000, also without copies to Appellant. The Court forwarded Mr. Cox's and Ms. Sprigg's filings to Appellant, and allowed the required time for Appellant's response. Ms. Sprigg's petition lacks the requisite number of property owners for standing under §4464(b)(4).

The party status provisions of the zoning statute balance the rights of an applicant to have an application promptly considered and ruled on, and the rights of opponents of that application to be heard if they are sufficiently concerned or affected by the proposal. This appeal was filed in August, 1999. Resolution of the various party status applications has delayed the hearing on the merits of the matter sufficiently to date. A petition with the requisite number of property owners was not filed with the Court in a timely fashion, and the various petitioners have not shown the standing necessary for intervention or for party

1

status as individuals.  Petitioner's request for reconsideration is therefore denied.

Appellant suggests a schedule for filing a summary judgment motion by mid-to-late May, and then scheduling the matter for a hearing; however, no reason appears to allow both a summary judgment motion and a hearing on the merits.  Either this matter can be determined on summary judgment on the basis of written filings and written argument, or evidence should be taken.  To date, the Court does not even know for what project the application seeks approval, or whether it is an application for a variance, for conditional use approval, or an appeal of some action by the Zoning Administrator.  Due to the party status petitions, it appears from the file that no statement of questions was filed.

Accordingly, on or before May 1, 2000, Appellant shall file the statement of questions required by V.R.C.P. 76(e), and shall state whether Appellant intends to file a motion for summary judgment or requests a hearing on the merits of the application or appeal.  If a hearing on the merits is requested, Appellant shall state the approximate amount of time required to present the matter to the Court.  Based on the Court's current schedule, it may be possible to schedule a hearing on the merits in Burlington on Monday, May 29, 2000, or on Thursday, June 22, 2000, or to fit it in as a backup case on May 11, May 25, or June 15, 2000.

Done at Barre, Vermont, this 24th day of April, 2000.

_____
                    Merideth Wright
                    Environmental Judge